FILED

2011 Mar-17  PM 12:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| MIGNON C. SMITH, | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| v. | ] | **CV-11-BE-0951-S** |
| | ] | |
| WELLS FARGO BANK NA, | ] | |
| | ] | |
| **Defendant.** | ] | |

### ORDER REMANDING CASE TO STATE COURT

This matter was removed to this court by Notice of Removal filed on March 14, 2011 (doc. 1).  The Defendant alleges that this court has jurisdiction under 28 U.S.C. § 1332 based on complete diversity of citizenship and the amount in controversy, although the complaint *apparently* seeks unspecified damages.  The Defendant did not attach the complaint or any other matters filed in state court as required by 28 U.S.C. § 1446(a) because the Jefferson County Circuit Court placed the matter "under seal" on July 28, 2010.  See Doc. 1 ¶ 12; Motion for Leave to File Documentation from the State Court Proceedings Under Seal (doc. 2) ¶ 2.

Simultaneously with the Notice, Defendant filed its "Motion for Leave to File Documentation from the State Court Proceedings Under Seal" (doc. 2).  However, Defendant failed to provide the Clerk of Court the documents it requests to have filed under seal.[1]  Therefore, the court cannot review those documents to determine whether they should be filed under seal.  Even more troubling is the court's inability to review the underlying documents to

---

[1]The Clerk of the Court advised Defendant's counsel of the need to bring the State Court filings to the Clerk's Office, but counsel ignored that advice.

1

determine whether jurisdiction is even proper in this court.

The Notice of Removal contains a flaw that becomes fatal because the court cannot review the state court pleadings to ascertain for itself whether the Defendant properly removed this case. The Notice states in paragraph 1: "Plaintiff, Ahrian Davis Tyler, on behalf of Mignon C. Smith ("Plaintiff"), commenced this action by filing a complaint against Defendant in the Circuit Court of Jefferson County, Alabama, Case Number CV-2010-00276 on or about February 18, 2011." It then adds by footnote 1: "Plaintiff had filed a prior petition for an accounting and to compel Defendant to make a principal distribution from the trust corpus on July 28, 2010." Two significant ambiguities arise from these two sentences. The first involves the correct name of the plaintiff because the style of the case mentions only Ms. Smith. The second ambiguity proves more problematic. Apparently, the Plaintiff, whoever that may correctly be, filed her original petition in this case on July 28, 2010, although Plaintiff says she "commenced this action" on February 18, 2011. Instead, Plaintiff apparently filed an amended petition on February 18, 2011. See Notice, ¶ 13. Although Defendant quotes 28 U.S.C. § 1446(b) in footnote 4, it made no effort to explain *why* the case as originally pled was not removable or *why* the amended petition was the document "from which it may first be ascertained that the case is one which is or has become removable." See 28 U.S.C. § 1446(b).

A firm principle in our jurisprudence is that federal courts are courts of limited jurisdiction, and the necessary corollary to that limited jurisdiction is the "equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala.*

2

*v. Am. Tobacco Co.*, 168 F.3d 405, 409-410 (11th Cir. 1999) (Citations omitted).

In addition, the party seeking to invoke the jurisdiction of a federal court bears the burden of establishing jurisdiction and that burden becomes even more heavy when the case is removed to federal court. *See Miedema v. Magtag Corp.*, 450 F.3d 1322, (11th Cir. 2006) (Recognizing the "traditional rule" that the removing defendant bears the burden of proving jurisdiction and applying that rule to a case removed pursuant to the Class Action Fairness Act.)  Because of the federalism concerns created by removal, this court must construe removal statutes strictly, and all doubts about jurisdiction must be resolved in favor of remand. *See, e.g. Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S. Ct. 868, 872, 85 L. Ed. 1214 (1941) ("[T]he policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of [removal statutes]."); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) ("[A]ll doubts about jurisdiction should be resolved in favor of remand to state court.").

Because the Notice fails to explain why this case could not have been removed based on the original petition, or why the amended petition first disclosed that the case was removable and the Defendant seeks to remove it more than thirty days from receipt of the original petition, and further because Defendant failed to provide the court with the state court pleadings from which it could ascertain whether jurisdiction exists, the Defendant failed to meet its burden to establish jurisdiction.  Therefore, the court ORDERS that this matter be REMANDED to Jefferson County Circuit Court.  Because the court finds that remand is necessary, it does not – and should not –

reach the Motion to Seal (even if those documents had properly been presented to the court for review); that matter should be addressed by the state court.  *See Univ. of S. Ala.*, 168 F.3d at 411 ("A presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts.").

DONE and ORDERED this 17th day of March 2011.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

4